IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGORY K. WHITT                                                                PLAINTIFF

V.                            CASE NO. 5:15-CV-05224

ARKANSAS DEPARTMENT OF
HUMAN SERVICES (DHS);
SHALLEN CARROL, DHS; WAL-MART STORES,
INC.; SHERIFF TIM HELDER; DEPUTY SHAWN
WILSON; DEPUTY JOSEF HUDGENS; and
TONI R. (CRUSE) WHITT                                                          DEFENDANTS

MEMORANDUM OPINION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated in the Grimes Unit of the Arkansas Department of Correction.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I. BACKGROUND

The Complaint (Doc. 1) with attachments is 75 pages long. Plaintiff's claims center around actions taken on June 15, 2013. On that day, Plaintiff was involved in a domestic dispute. The police were called, and Deputy Shawn Wilson responded. According to Plaintiff, Deputy Wilson began shouting orders and attempting to break into the home. Plaintiff describes Deputy Wilson's conduct as horrific.

Plaintiff was arrested and charged with endangering the life of a minor, domestic battery, false imprisonment, and interference with communications. He was later charged

with resisting arrest. His three minor children, J.W., G.W., and T.W., were removed from his custody and placed in the custody of the Arkansas Department of Human Services ("DHS").

Eventually, all charges except endangering the life of a minor and resisting arrest were dismissed. When Plaintiff went on trial on these remaining charges on March 20, 2014, he was alleged to have tampered with the jury. A mistrial was declared. Plaintiff was charged with jury tampering and on October 1, 2014, was convicted of that charge. This is the conviction upon which he is currently incarcerated. It is not clear whether the endangering a minor charge is being retried or how it is being disposed of.

Plaintiff alleges that DHS placed a no contact order before the court thus "separating the lives of [Plaintiff] and his three boys." However, Plaintiff maintains that the order had not been signed by the state court judge. He maintains the DHS attorney, Shallen Carrol, in a sworn statement, based on a report by Deputy Hudgens, stated that Plaintiff had held a knife to the throat of J.W.

With respect to Toni R. (Cruse) Whitt, Plaintiff alleges that on or about June 15, 2013, the Wal-Mart Neighborhood Market allowed her to refill his prescription for Xanax. Plaintiff alleges Toni was not a resident at his property and was not his wife. He therefore maintains she should not have been allowed to obtain a refill of his prescription. Plaintiff asserts Toni ingested five of the pills on the night of June 15, 2013. Plaintiff maintains it was this medication that "caused and fueled the incident creating [his] arrest and the removal of the children." If it were not for Defendants' violations of his rights, the fictitious paperwork, the fictitious reports, and the fictitious statements, Plaintiff maintains he would not have lost custody of his children or be in prison.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A number of Plaintiff's claims are subject to dismissal.

First, neither the State of Arkansas nor its agencies are subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Plaintiff's claims against Shallen Carrol, who is employed by a state agency, DHS, are the equivalent of a suit against a state agency and Eleventh Amendment immunity precludes such claims. *See*

*also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (1999) (Section 1983 suit could not be brought against state commissioners in their official capacities, because such suit was no different than a suit against the state itself). *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights).

Thus, the official-capacity civil rights damages claims against the DHS, or its officials, are barred either by sovereign immunity or because in their official capacities the individuals are not considered to be persons for purposes of the civil rights statutes. *See Murphy v. State of Arkansas*, 127 F.3d 750 (8th Cir. 1997); *see also Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003) (Tennessee Department of Children's Services was considered "the state" for purposes of § 1983 and officials of that department were not persons subject to suit under § 1983 when sued in their official capacities).

The Eleventh Amendment does not bar claims against Defendant Carrol in her individual capacity. *Hafer v. Melo*, 502 U.S. 21, 23 (1991). "Personal capacity suits, . . . seek to impose individual liability upon a government officer for actions taken under the color of state law." *Id.* at 25.

Second, Wal-Mart Stores, Inc., did not act under color of state law when it filled one of the Plaintiff's prescriptions. While a store may be considered a state actor under certain circumstances, *see e.g., Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558-89 (8th Cir. 1989), Wal-Mart was not a state actor under the facts alleged here, *see e.g., Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Wal-Mart is not alleged to

have acted in conjunction with a state actor or to have been involved in a conspiracy to violate the Plaintiff's constitutional rights.

Third, Toni Whitt is not a state actor. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (internal quotation and citations omitted). Toni Whitt did not act under color of law in connection with her giving a statement to the police.

Fourth, the claims against Sheriff Helder are subject to dismissal. Sheriff Helder is not liable under § 1983 for everything that happens at the detention center. A claim of deprivation of a constitutional right cannot be based on a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone Cty. Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

There are no allegations that Sheriff Helder was involved in any way with the actions at issue in this case. There is no allegation that he was present when Plaintiff was arrested. Plaintiff has not alleged that he spoke directly to the Sheriff. No plausible claim has therefore been stated against Sheriff Helder.

### III. CONCLUSION

For the reasons stated, the following claims will be dismissed by a separate order entered this same day: (1) the claims against the Arkansas Department of Human Services; (2) the official-capacity claims against Shallen Carrol; (3) the claims against Wal-Mart Stores, Inc.; (4) the claims against Toni R. (Cruse) Whitt; and (5) the claims against Sheriff Helder. The individual-capacity claims against Shallen Carrol and the claims against Deputy Shawn Wilson and Deputy Josef Hudgens remain.

**IT IS SO ORDERED** on this 16th day of February, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE